ROYAL INSURANCE COMPANY, LIMITED, OF LIVERPOOL, *v.* STEWART.

[No. 23,903. Filed February 3, 1921. Rehearing denied April 21, 1921.]

1. JUDGMENT.—*Matters Adjudicated.*—A judgment: "Come the parties in the above entitled cause, * * * and the court now sustains the demurrer of the defendant to the complaint of the plaintiff. And the plaintiff now abides the said ruling on said demurrer to said complaint, and refuses to plead over; and upon defendant's motion, and because of the refusal of said plaintiff to plead over, the court gives and renders judgment herein in favor of the defendant and against the plaintiff; and it is adjudged and ordered by the court that the defendant have and recover of and from the plaintiff its costs herein laid out and expended taxed at the sum of $......, all of which is ordered and adjudged by the court," although informal, is sufficient as an adjudication that plaintiff should recover nothing. p. 454.

2. ACTION.—*Right to Legal and Equitable Relief in Same Action.*—*Statutes.*—Under §249 Burns 1914, Acts 1911 p. 415,

Royal Ins. Co. *v.* Stewart—190 Ind. 444.

either legal or equitable relief, or both, may be obtained in a single form of action.  p. 454.

3. COURTS.—*Circuit Courts.—Jurisdiction.—Cases at Law and in Equity.—Statutes.*—Under §1433 Burns 1914, §1314 R. S. 1881, every circuit court in the state has original jurisdiction in all cases at law and in equity.  p. 454.

4. PLEADING.— *Sustaining Demurrer to Complaint.— Pleading Over.—Statutes.*—Under §§347, 350 Burns 1914, §§342, 345 R. S. 1881, where a demurrer was sustained to the complaint and the judgment was that plaintiff plead over, he had an absolute right to plead over or amend so as fully to present the real facts of the case.  p. 455.

5. PLEADING. — *Complaint. — Amendment After Demurrer. — Scope.*—After a demurrer was sustained to a complaint in an action on a policy of fire insurance, and there was judgment that plaintiff plead over, he could amend by stating additional facts showing that a mistake had been made in writing the policy, and asking that the policy be reformed so as to express the contract actually entered into.  p. 455.

6. *Dismissal and Nonsuit.—Sustaining Demurrer to Complaint. —Dismissal.—Effect.—Statutes.*—Under §338 Burns 1914, §333 R. S. 1881, upon the announcement of a ruling sustaining a demurrer to the complaint, plaintiff may dismiss his action without prejudice.  p. 455.

7. JUDGMENT. — *Judgment on Demurrer. — Conclusiveness.* — Where insured brought suit to recover on a policy of fire insurance alleged to have contained an "iron-safe" clause which stipulated that insured's account books and inventory should be kept in a fireproof safe, and, a demurrer to the complaint being sustained, insured refused to plead over and judgment was rendered for defendant, insured could not again maintain an action for the same loss by alleging that the "iron safe" clause was inserted in the policy by mistake and asking that it be reformed in that regard, while the former judgment remained in full force and effect.  p. 455.

8. ESTOPPEL.—*Actions.—Estoppel to Assume Inconsistent Positions.*—A party cannot assume successive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other or mutually contradictory.  p. 458.

9. ELECTION OF REMEDIES.—*Judgment.—Reformation of Contract.*—Where a party elects to sue upon a written contract as executed, and the action proceeds to trial and judgment, he cannot thereafter bring an action to reform the contract.  p. 458.

10. INSURANCE.—*Action on Policy.—Judgment.—Reformation of Policy.*—Where insured elected to pursue his remedy by an action at law upon a fire policy as it was written, he thereby elected to treat it as embodying the contract, and he cannot, after judgment has been rendered against him, deny that fact and bring an action for reformation. p. 458.

11. JUDGMENT.—*Judgment on Demurrer.—Conclusiveness.—Subsequent Action in Equity.*—A judgment at law for defendant on demurrer to the complaint will not prevent plaintiff from showing, in a subsequent suit in equity that after it was rendered certain new facts had come into existence which, together with the facts alleged in the first complaint, created a right of action that did not exist at the time the first action was begun. p. 461.

12. COURTS.—*Decisions.—Construction.*—The language used by a court in deciding any case must be understood as applied to the facts then before the court, and not in the broadest meaning it would bear if treated as a declaration of general principle. p. 463.

13. ELECTION OF REMEDIES.—*Action at Law on Contract.—Judgment.—Subsequent Action.*—Where plaintiff brought an action at law seeking recovery on a fire policy in a court possessing complete jurisdiction to award any relief to which he showed himself entitled, either in law or in equity, and, upon demurrer to the complaint being sustained, refused to plead over, thus confessing that the facts he alleged were the basis of his demand, he cannot be heard to say, in a subsequent action upon the policy that the facts upon which his demand was adjudicated were not true, but that he has a right of recovery because of a different and inconsistent state of facts. p. 464.

From Decatur Circuit Court; *Hugh Wickens,* Judge.

Action by William F. Stewart against the Royal Insurance Company, Limited, of Liverpool. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565, §10.) *Reversed.*

*Burke G. Slaymaker,* for appellant.
*Marshall Hacker* and *Frank S. Jones,* for appellee.

EWBANK, J.—This was an action by the appellee on an insurance policy issued by the appellant, seeking to

recover for a loss by fire. The complaint was in three paragraphs. The trial court found for the appellant on the issues joined on the first paragraph of the complaint, and it need not be further considered except to say that it sought to reform the policy as not stating the real contract. The second paragraph of the complaint alleged that the appellant issued to appellee a fire insurance policy covering certain property owned by the appellee, and exhibited the policy as written, in the New York Standard form with the allegation that the "iron-safe clause" therein, as hereinafter set out, was incorporated in the policy by mistake; that the insured property had been consumed by fire, and that appellee had complied with all the provisions of the policy contract, except certain other provisions which were waived, as was alleged, by reason of facts stated; and asked that the policy be reformed so as to express the contract really entered into, by striking out the "iron-safe clause," and that appellee be given judgment for the damage caused by the fire. And the third paragraph of complaint alleged the execution of the policy, setting it out as written, that the property insured was destroyed by fire, that appellant did certain acts by which some of the conditions of the policy other than the "iron-safe clause" were waived, and that appellee performed all conditions not so waived, and demanded a judgment at law for the face of the policy. Demurrers to each paragraph of the complaint were overruled, and appellant excepted.

Many paragraphs of answer were filed, of which the first paragraph was a general denial, and the second and sixth pleaded former adjudication, the sixth paragraph setting out the facts relied on more in detail, and alleging that appellee, as sole plaintiff, had previously filed, in the same circuit court in which this action was begun, a complaint setting out the same policy exhibited with

each paragraph of this complaint, and averring the same facts as to the destruction of the insured property by fire, and as to appellant's waiver of certain conditions of the policy, and appellee's performance of all other conditions; that the case was taken by change of venue to the Jennings Circuit Court, by which a demurrer filed by appellant for want of sufficient facts was sustained to said complaint, and upon the refusal of appellee to amend or plead over, a judgment was rendered thereon, against appellee and in favor of appellant, for the costs of the action; that appellee sued and appellant was sued in that action in the same capacity as in this, and they were, respectively, the sole plaintiff and sole defendant therein, and that the subject-matter was the same; that said judgment in the former action had not been reversed, modified, set aside or appealed from, but was in full force and effect; and that appellee was suing in this action for the same identical claim and demand which was so sued for and adjudicated in the former action.

Demurrers were sustained to each of seven paragraphs of the answer, and appellant excepted, but others, including the second and sixth paragraphs, were held sufficient. A reply of general denial was filed. The cause was submitted for trial on the issues joined on each of the three paragraphs of complaint and numerous paragraphs of answer, including the general denial, and the pleas of former adjudication. The issues joined on the first and second paragraphs of the complaint, which sought a reformation of the policy, were tried by the court, and the issues joined on the third paragraph were submitted to a jury, upon the same evidence.

At the trial the plaintiff testified that: "I never had any other fire in 1912 than the fire mentioned in this complaint. The only property I ever had damaged by fire was the property mentioned in my complaint in

this action. I filed a complaint against the defendant in the Ripley Circuit Court on September 11th, 1913, * * * some time in September, 1913. I was the plaintiff in that action, and the loss I sued for in that action is the loss I am suing for in this action, and upon the same policy and against the same defendant." H. H. Cope and P. E. Bear testified that they were employed by appellee as attorneys in cause No. 6522 in the Ripley Circuit Court, which became No. 6283 in the Jennings Circuit Court, and that appellee gave them a statement of facts on which the complaint in that case was written, and that two conferences with appellee upon the facts were had before the complaint was filed; that the complaint was read to appellee, including all that it said about the iron-safe clause in the policy; that the facts alleged in that complaint were gotten solely from appellee.

Mr. Cope testified that after the Jennings Circuit Court sustained the demurrer to the complaint he told the court that the complaint stated all the facts as they were, and then prepared the entry of judgment, which was approved by counsel for both sides and was entered of record, and that in sustaining the demurrer to the complaint in the former case in the Jennings Circuit Court the court stated that it was sustained on the ground that the allegations therein relative to the waiver of the "iron-safe clause" were not sufficient to constitute a waiver. Robert E. Creighile testified that he was the judge of the Jennings Circuit Court by whom said demurrer was sustained, and that it was sustained on the ground that the "iron-safe clause" in the policy constituted a promissory warranty, and that the complaint admitted a breach of this warranty, and alleged facts intended to show a waiver of such breach, but that it was the judgment of the court that the facts

pleaded did not constitute such waiver, and that, having so decided, the demurrer was sustained without much consideration of the other grounds of demurrer assigned;.that appellee was present on one occasion when the demurrer was argued orally, and that when the ruling was announced appellee's attorney asked that the matter be passed until .afternoon, so that he could reach his client by telephone, and in the afternoon he refused to plead further. There was other testimony also to the same effect.

The record of the proceedings and judgment in cause No. 6283 in the Jennings Circuit Court were read in evidence, reciting that the appellee, on September 12, 1913, by Van Osdol and Cope, his attorneys, filed his complaint against the appellant as cause No. 6522, in the Ripley Circuit Court; that on change of venue the case was taken to the Jennings Circuit Court; that the appellant filed a demurrer to the complaint for the alleged reason that the complaint did not state facts sufficient to constitute a cause of action, specifying that the admitted breach of the warranties, terms and conditions of the policy sued on were not shown by the facts alleged to have been waived (with other reasons), and that thereupon the court entered the following judgment: "Come the parties in the above entitled cause, the plaintiff (appellee) by Van Osdol & Cope, his attorneys, and the defendant (appellant) by Burke G. Slaymaker, its attorney, and the court now sustains the demurrer of the defendant to the complaint of the plaintiff. And the plaintiff now abides the said ruling on said demurrer to said complaint, and refuses to plead over; and upon the defendants' motion, and because of the refusal of said plaintiff to plead over, the court gives and renders judgment herein in favor of the defendant and against the plaintiff; and it is adjudged and ordered by the court that the defendant have and

recover of and from the plaintiff its costs herein laid out and expended taxed at the sum of $........, all of which is ordered and adjudged by the court."

And the clerk certified that said judgment had not been appealed from, reversed, modified, or set aside, but was in full force and effect.

As a part of the record so read in evidence, the complaint and demurrer thereto in the said former action were introduced and read. The demurrer stated that "said complaint does not state facts sufficient to constitute a cause of action." The complaint so demurred to alleged exactly the same facts as to appellee's ownership of the same property as the complaint in the case at bar, that it was insured against fire by a policy in the appellant company, its destruction by fire, its value, and what appellee and appellant thereafter did and failed to do, all as alleged in the complaint in this case. But it counted upon the insurance policy, just as it was written, and instead of alleging, as does the second paragraph of complaint in this (the second) action, that the parties agreed upon the issuance of a policy which should not contain the "iron-safe clause," and that it was written into the policy by mutual mistake of the parties, the complaint in such former action expressly alleged that the "iron-safe clause" was part of the policy contract, in the following language, quoted from such former complaint: "Plaintiff further avers that as to one of the conditions mentioned and set forth in said policy of insurance, as a stipulation and condition, known as the inventory and iron-safe clause—which provided that as a

'part of the consideration, and it is expressly warranted by the assured under this policy, that a complete and detailed inventory of the property insured is to be taken within one year prior to the date of this policy, and that the assured shall hereafter take an inventory of the stock thereby covered at

least once every twelve months during the life of this policy, and *shall keep books of account accurately detailing all the purchases and sales of said stock, and shall keep such inventory and books securely locked in a fireproof safe, or in some place secure against fire, in another building* (Our italics) during the continuance of this policy, and in case of loss the assured agrees and covenants to produce all of such books and inventory, and in the event of his failure to produce the same on demand, the policy shall be null and void and no suit or action at law shall be maintained thereunder for said loss,   *   *   *'—

has been waived by the defendant in this, to wit: (setting out certain facts and)   *   *   *   that said agent of said defendant   *   *   *   at the time he solicited said plaintiff for said insurance, and at the time said policy of insurance sued on herein was issued and delivered by said defendant (appellant) to the plaintiff (appellee) said defendants' agent knew that said plaintiff had no iron safe, and had nothing but a wooden desk in which said inventory and books of the purchases and sales were kept, and that said plaintiff so informed said agent at the time said policy of insurance was issued to him.  And that said agent consented and informed the plaintiff that he might keep his books of purchases and sales in said wooden desk, situate in said store building.   *   *   *   Plaintiff further avers that he has performed each and all of the conditions of said policy of insurance on his part to be performed by him, other than those which the defendant has waived, as above set out   *   *   *"   (But no reason was stated why the books were not kept in another building, except by the agent's verbal consent.)

None of the foregoing evidence was denied or in any manner disputed or its effect avoided by other evidence. After the evidence had been heard the trial court, in the case in which this appeal was taken, being the sec-

ond case, refused to give to the jury an instruction duly asked by appellant, as follows: "(29) The court instructs the jury that the judgment rendered in the Jennings Circuit Court, Indiana, against the plaintiff and in favor of the defendant insurance company is conclusive of the right and against the right of the plaintiff to recover in this action, if you find from the evidence that the fire, property, policy, parties, loss and damage involved in the action in the Jennings Circuit Court are the same as are involved in this action."

But the court of its own motion, gave to the jury the following instruction: "(8) In certain paragraphs of its answer, namely, the second, third and sixth paragraphs, the defendant insurance company pleads former adjudication and says, in substance, that this same cause of action was decided and adjudicated against the plaintiff in a certain action in the Jennings Circuit Court between said parties. In the judgment of this court the evidence does not sustain these answers, and you will not consider the same or any issue raised thereon."

Whatever error, if any, was thereby committed, was not cured by the other instructions given. The refusal of the tendered instruction No. 29, and the giving of the instruction No. 8 were duly excepted to and specified as causes for a new trial, and appellant's assignment of errors duly presents for review the questions whether such giving or such refusal was error, as well as whether the evidence sustains the verdict, and decision.

The question of law presented for decision is whether a party, having brought an action on a written contract, seeking to recover damages for an alleged breach and averring that such contract was executed as it is written, who, after a demurrer has been sustained to his complaint for alleged want of facts sufficient to constitute a cause of action, has elected to stand on the demurrer and refused to plead over, and, upon the facts

thus admitted of record, has suffered a judgment that he recover nothing, may ignore such judgment, and, while it is in full force and effect, may bring and maintain another action in a different circuit court for the same breach, upon averments of the same identical facts except as to the terms of the contract, but, averring that the written instrument previously sued on does not express the real contract of the parties, and stating facts to show that part of it was written therein by mistake, and upon proof of the alleged mistake may reform the contract and recover thereon for the same identical loss for which it was previously adjudged that he could not recover.

Even though somewhat informal, the judgment of the Jennings Circuit Court, as above set out, is sufficient as an adjudication that the plaintiff in that action 1, 2. should recover nothing. *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 555, 80 N. E. 541; *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 456, 97 N. E. 558. Under the law of Indiana either legal or equitable relief, or both, may be obtained in the single form of action in which the original case was before the Jennings Circuit Court at the time the judgment was rendered in that case. Acts 1911 p. 415, §249 Burns 1914; *Field* v. *Brown* (1896), 146 Ind. 293, 294, 45 N. E. 464; *Larne* v. *American, etc., Engine Co.* (1911), 176 Ind. 609, 613, 614, 96 N. E. 772.

Every circuit court in the State of Indiana, including the Ripley Circuit Court, in which both of these actions were begun, and the Jennings Circuit Court, to 3. which the first action was removed by change of venue and in which the first judgment was rendered, equally with the Decatur Circuit Court, by which the judgment appealed from was rendered, has "original

jurisdiction in all cases at law and in equity whatsoever." §1433 Burns 1914, §1314 R. S. 1881.

When the demurrer to appellee's complaint in the first action was sustained by the Jennings Circuit Court, the judgment was that he plead over, and appellee had an absolute right to plead over or amend, so as fully to present the real facts of his case. §§347, 350 Burns 1914, §§342, 345 R. S. 1881; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 224, 73 N. E. 259; *Ewing* v. *Patterson* (1871), 35 Ind. 326, 331.

After the demurrer was sustained to the complaint in the original action an amendment might have been made in that action by way of modifying the facts previously alleged, and stating additional facts showing that a mistake had been made in writing the policy sued on, and asking that the policy be reformed so as to express the contract actually entered into. *United States, etc., Ins. Co.* v. *Emerick* (1913), 55 Ind. App. 591, 597, 598, 103 N. E. 435. Or, the appellee might have dismissed his first action without prejudice upon the announcement of the ruling on the demurrer. §338 Burns 1914, §333 R. S. 1881.

In other words, the appellee, by dismissing, might have put himself in the same situation as if no suit had been brought, or, by exercising his right of amendment, when the demurrer to his complaint was sustained, might have brought before the Jennings Circuit Court the precise facts, and all of the facts alleged in the complaint on which he afterward recovered judgment in the Decatur Circuit Court, and the Jennings Circuit Court would have had full and complete jurisdiction to award him equitable relief by way of reforming the contract, and to give him judgment for the amount of his fire loss covered by the contract as reformed. But instead of dismissing, and thus

reserving the right to sue for the same cause of action in the future, or amending so as to present for adjudication his right to reform the policy to express a contract different from what was written therein, the appellee stood upon his allegations that the policy contract entered into was just as it was written, including the "iron-safe clause," and that certain acts were done which he relied on as constituting a waiver, thereby admitting of record that the facts were as his first complaint alleged them, and suffered a judgment that he could not recover for his loss.

None of the cases cited by counsel in support of the decision appealed from, and none of the rules of law declared by those cases, are controlling in the case at bar. In this case the court in which the first action was begun had full and complete equity jurisdiction; the first complaint did not state facts which would have made out a cause of action in equity if accompanied by an averment that there was a mutual mistake; the complaint in the second action does not allege the same facts as the first complaint, with the mere addition of other facts not inconsistent therewith, whether of facts which occurred since the first judgment, or showing that a mutual mistake was made, or collateral facts showing plaintiff entitled to entirely different relief on wholly different grounds. On the contrary, the complaint in the case at bar alleges directly the opposite from what was before alleged. In the former action appellee's complaint, which he refused to amend and on which he suffered judgment, alleged that he and appellant entered into a contract containing the "iron-safe clause," and by refusing to amend and suffering a judgment based thereon, appellee has admitted that fact of record. And he now seeks to recover by alleging directly the contrary, charging that the contract as made did not contain any such a clause, and that it was incorporated

in the policy by mistake.   In the former case appellee was in a court that could have given him complete equitable relief, by reforming the policy or otherwise, if he had only alleged and proved facts entitling him to such relief, and he had an opportunity to present all of his facts by amending his complaint, but admitted on the record that the contract as made contained only what was written therein, and therefore that he was not entitled to reform it.   And in the case now before the court appellee does not allege that any new facts have come into existence since judgment was rendered in the former case, nor show that facts not before alleged give a right of action for a cause not suggested in the other suit.   The appellee sued the first time to recover for the loss of his goods destroyed by fire.   He sues this time to recover for the same loss of the same goods destroyed by the same fire.   But his first action sought a recovery on a policy alleged to have contained an "iron-safe clause."   He now seeks to recover upon the allegation, directly to the contrary, that his insurance contract (as really made) did not contain any such clause.

Having presented his alleged cause of action to a court which could and presumably would have given him equitable relief, if he had alleged and proved facts entitling him to such relief, and having admitted of record, by abiding the ruling on his demurrer and refusing to plead over, that the facts were as he there alleged them, and having suffered a judgment that he was not entitled to recover anything for the destruction of his property, he cannot again maintain an action to recover for the same loss by alleging a state of facts different from and inconsistent with the facts so admitted of record, while the former judgment remains in full force and effect.

The general rule is that a party cannot assume suc-

cessive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other or mutually contradictory. Thus a judgment on the merits in favor of the defendant in an action for specific performance of a contract for the sale of real estate will bar another action to reform the contract and to enforce it as reformed. Where a party elects to sue upon a written contract as executed, and the action proceeds to trial and judgment, he cannot thereafter bring an action to reform the contract. 2 Black, Judgments §632.

Where a party has brought an action at law on a policy as written and has prosecuted it to judgment, and a judgment against him has been rendered thereon, he cannot subsequently bring proceedings in equity to reform the contract. Having elected to pursue his remedy by an action at law upon the policy as it was written, he thereby elects to treat it as embodying the contract, and cannot subsequently deny the fact. *Washburn* v. *Great Western Ins. Co.* (1873), 114 Mass. 175; *Steinbach* v. *Relief Fire Ins. Co.* (1879), 77 N. Y. 498, 33 Am. Rep. 655; *Steinbach* v. *Relief Fire Ins. Co.* (1878), 12 Hun (N. Y.) 640; *Thomas* v. *United Firemen's Ins. Co.* (1903), 108 Ill. App. 278; 2 Wood, Fire Insurance (2d ed.) §509; 5 Joyce, Insurance (2d ed.) 3515; 2 May, Insurance (4th ed.) §1333.

Where the jurisdictions of law and equity are separate, and one who files his complaint in a court of law, alleging all the facts necessary to establish an equitable right to reform the contract and to recover on it as reformed, must fail because the court is without power to give equitable relief, it may sometimes be possible for a party who has been denied relief at law to recover in equity upon the same facts, especially if the action

at law was brought in reliance upon court decisions to the effect that in such an action the court of law might grant relief under the facts alleged, on the ground of waiver, and the complaint in the first action did not allege any facts inconsistent with the right to equitable relief, but stated the "same identical facts" as the complaint in the second action. *Grand View Building Assn.* v. *Northern Assurance Co.* (1905), 73 Neb. 149, 102 N. W. 246, affirmed in 203 U. S. 106, 51 L. Ed. 109, 27 Sup. Ct. 27.

The case cited was one where the complaint in an action at law in a federal court, on a fire insurance policy, had alleged that the insurance company had full notice and knowledge of the existence of concurrent insurance which the printed policy stipulated should make the contract void unless consent to the existence of such concurrent insurance was indorsed in writing on the policy, and that the policy was issued by an agent who had such knowledge, and also had authority to indorse written consent on the policy, and who received the premium with such knowledge and with the intent knowingly to waive stipulation. The trial court had given judgment in favor of the plaintiff, which was affirmed by the Circuit Court of Appeals (101 Fed. 77, 41 C. C. A. 207). But on appeal to the Supreme Court of United States, it was held that a court of law could not take those matters into consideration, but must base its judgment upon the contract as it was written, and that the defendant must have judgment. 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213. A petition was thereafter filed in a court of equity, asking reformation of the policy because of the alleged knowledge of the insurance company, and the alleged intent with which the policy was delivered and accepted, and in the case cited below the court held that final judgment on the merits and for costs in favor of the defendant company, by the court

of law, did not bar a suit in equity in which "the petition recites identically the circumstances set forth in the pleadings of the plaintiff in the former action, but supplements them by alleging that it was the intention of both the plaintiff and the defendant at the time the policy was written that it should, by its terms, permit the carrying of concurrent insurance, and that its failure so to do was unknown to the plaintiff at the time it was * * * received and paid for, and until after the loss by fire, and was due to the * * * mistake of the agent of the defendant, and that the instrument as it was executed and now exists does not express the real and true contract of the parties thereto." The court said that at the time the first action was begun the plaintiff believed, upon the authority of decisions of the Supreme Court of his state and of the United States Circuit Court of Appeals for his circuit, that he could recover in an action at law on the facts alleged, and that a suit in equity to obtain "a vain and unnecessary reformation of the contract" would therefore not lie. The court said that the error in choosing a wrong tribunal "was not made by the litigant, but by the ministers of justice themselves," in declaring a rule afterward disapproved by the Supreme Court of the United States, and that, having been thus misled into suing at law, the plaintiff could not be barred from suing in equity because of having made a choice of remedies. *Grand View Building Assn.* v. *Northern Assurance Co., supra.* That case was appealed to the Supreme Court of the United States, and in affirming the judgment reforming the contract and awarding damages to the plaintiff, that court said: "The former decision of course is not an adjudication that the contract cannot be reformed. It was rendered in an action at law, and only decided that the contract could not be recovered upon as it stood, or be helped out by any doctrine of

the common law. * * * As an adjudication it simply establishes one of the propositions on which the plaintiff relies; that it cannot recover upon the contract as it stands. The supposed election is the source of the effect attributed to the judgment * * *. The plaintiff in the former action expressed on the record its reliance upon the facts on which it now relies. It did not demand a judgment without regard to them and put them on one side, as was done in *Washburn* v. *Great Western Insurance Company,* 114 Massachusetts 175, where this distinction was stated by Chief Justice Gray. * * * It expressed the supposition that law was competent to give a remedy, as had been laid down by the Supreme Court of Nebraska and the Circuit Court of Appeals for the Circuit. *Home Fire Insurance* v. *Wood,* 50 Nebraska, 381, 386; *Firemen's Fund Insurance Co.* v. *Norwood,* 16 C. C. A. 136. So long as those decisions stood the plaintiff had no choice. It could not, or at least it did not need to, demand reformation, if a court of law could affect the same result. It did demand the result, and showed by its pleadings that the path which it did choose was chosen simply because it was supposed to be an open way." *Northern Assur. Co.* v. *Grand View Building Assn.* (1906), 203 U. S. 106, 51 L. Ed. 109, 27 Sup. Ct. 27. It is obvious that the facts of that case were entirely different from the facts in the case at bar. Therefore, it is not necessary for this court to pass on the question whether or not that decision would be correct under the law of Indiana as applied to those facts.

A judgment at law such as was rendered in the former case would not prevent the appellee from showing, in a subsequent suit in equity, that after it was 11. rendered certain new facts had come into existence which, together with the facts alleged in the first complaint, created a right of action that did

not exist at the time the first action was begun. Thus, where the attorney-general brought an action in the name of the State of Indiana against the Terre Haute and Indianapolis Railway Company upon an alleged statutory liability to pay the state a certain part of its earnings, and at that time, as shown by the complaint, no liability for any amount had yet accrued, both because the earnings were not yet sufficient and because no demand had been made and no authority had been given by the state to any officer to make such a demand, and a final judgment was rendered on sustaining a demurrer to the complaint, such judgment did not bar a later action by the state to recover sums which afterward became due, by reason of subsequent earnings of the railroad, and because of a demand made on behalf of the state under authority of a statute afterward enacted. *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 470, 65 N. E. 401. And if the complaint in the second action did not count upon any facts inconsistent with the allegations of the complaint to which a demurrer had previously been sustained, but alleged additional facts that had not been before the court in the first action, the judgment in the first action might not bar the second. Thus, where a party unsuccessfully sued to enjoin the levy of an execution upon property in the hands of one to whom the judgment debtor had assigned his property for the benefit of creditors, for the alleged reason that when the judgment was rendered the creditor orally promised not to issue execution for six months, and a judgment in favor of the defendant was rendered for the double reason that the judgment on which the execution issued could not be collaterally attacked, and that no such agreement had been proved, it was held that this judgment did not bar the assignee from pleading in defense to an action on the injunction bond that the original judgment never

became a lien upon the property levied on, because of facts alleged in his answer which had neither been stated nor negatived in the complaint in the injunction suit. *Griffin* v. *Wallace* (1879), 66 Ind. 410, 417. Neither would such judgment in the former case prevent the appellee from maintaining a second suit against appellant upon a cause of action which was not put in issue in the first one by alleging and proving facts not inconsistent with what he admitted in his pleadings in the first suit, on which the judgment in that case was based. Thus, where land, subject to a mortgage, was sold on a personal judgment against the mortgagor, and title to one-third of the land became vested in his wife, under §§3037, 3052 Burns 1914, §§2499, 2508 R. S. 1881, and upon foreclosure of the mortgage the purchaser of the two-thirds bought and took an assignment of the mortgage and decree of foreclosure, which thereby became merged in his title and satisfied, the prosecution by the wife to final judgment of an action to compel such purchaser to have his two-thirds of the land offered for sale under the decree of foreclosure did not bar a subsequent action to have the mortgage canceled as to her one-third, and her title quieted against the mortgage and decree. *Bunch* v. *Grave* (1887), 111 Ind. 351, 358, 12 N. E. 514.

Counsel has cited a great many authorities, and we cannot take them up one after the other and distinguish them. But the language used by the court in 12. deciding any case must be understood as applied to the facts then before the court, and not in the broadest meaning that it would bear if treated as a declaration of a general principle.

No case has been cited, and we know of none, in which a party had filed his complaint in a court having full jurisdiction in equity as well as at law, alleging facts inconsistent with any right to equitable relief (such as

the averment that the contract entered into contained a certain stipulation), and, upon a refusal to plead further, had suffered a judgment that he take nothing upon the facts so confessed, and afterward was permitted to recover on another complaint denying such facts and alleging directly the opposite (as that the stipulation in question was no part of the contract, and should be eliminated on the ground of mistake).

Having presented to a court possessing complete jurisdiction to award any relief to which he showed himself entitled, either at law or in equity, the question whether or not he could recover from defendant the insurance money for his property destroyed by the fire in question, and by refusing to plead over having confessed that the facts he alleged were the basis of his demand, the appellee will not now be heard to say that those facts, upon which his demand was adjudicated, were not true, but that he has a right of recovery because of a different and inconsistent state of facts.

We have not considered nor decided the question whether, under the law of Indiana, the complaint in the first action really did state a cause of action. If it did, appellee's remedy obviously was to appeal and procure a reversal of the judgment by which the demurrer was sustained, or otherwise to procure the erroneous judgment to be set aside. But, assuming that the first complaint really was insufficient, appellee's refusal to plead over, his failure to dismiss that suit, and his election to abide the judgment of the court on the demurrer, together with his failure to appeal, must be treated as an admission of record that the facts therein stated are true; and the judgment thereon precludes appellee from maintaining another action for the same cause upon allegations in conflict with what was so admitted.

The trial court erred in refusing to give appellant's requested instruction No. 29, and in giving the court's instruction No. 8, and the verdict and finding are not sustained by the evidence. The motion for a new trial. of all the issues should have been sustained.

Many other questions are presented and argued, but as they will probably not arise in the further conduct of the case they have not been considered, and none except those outlined above are decided. The judgment is reversed, with costs, and the circuit court is directed to grant a new trial.