**SPRINGFIELD FIRE & MARINE INS. CO. OF SPRINGFIELD, MASS., v. MARTIN.**

**No. 7626.**

Circuit Court of Appeals, Fifth Circuit.

May 9, 1935.

J. Tom Watson, of Tampa, Fla., for appellant.

Carl H. Moseley and Victor H. Knight, both of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, upon his bill in equity, was awarded a decree reforming a fire insurance policy and allowing a recovery on it as reformed. The policy as issued was on a building "occupied as a dwelling house," and contained the usual provision that it should be void if the insured had misrepresented any material fact concerning the subject-matter of insurance. The building was not and had never been occupied; at the time the policy was issued it was under construction and was burned without fault of the insured before it was completed. Appellant's agent knew it was unfinished and unoccupied, but both he and appellee intended that it should be covered by insurance in its then condition, and appellee paid the premium with that understanding.

Under these circumstances, and without more appearing, appellee would clearly be entitled to have the policy so reformed as to express the real intention of the parties to the insurance contract. Day v. Fireman's Fund Ins. Co. (C. C. A.) 67 F.(2d) 257. But, without seeking reformation, appellee brought an action at law on the policy to which appellant pleaded the clause requiring the building to be occupied. To that plea appellee filed a replication setting up the knowledge of appellant through its agent that the house had not been completed and had never been occupied, and in this way sought to establish a waiver of the condition relied on. He filed also replications denying that the representation as to occupancy was false and that the plea was true. According to the record before us, in the law action the policy was not admitted in evidence because it had not been reformed, and the jury under instructions of the court found a verdict for the insurance company. It is to be conceded that all except the first replication above enumerated were loosely drawn, but at the same time it is quite apparent that they were immaterial and had no influence on the action of the court in directing a verdict, and that throughout appellee was relying upon a mutual mistake of facts and the waiver which he asserted. Appellant's whole insistence in the common-law case was that there could be no recovery on the policy until it had been reformed. In the common-law case appellee was contending, as he is here, upon mutual mistake and waiver, and was not asking for judgment upon other grounds. In our opinion the case is controlled by Northern Assurance Co. v. Grand View Building Association, 203 U. S. 106, 107, 27 S. Ct. 27, 51 L. Ed. 109, where, under a very similar state of facts, the plaintiff, after being defeated at law, was allowed in equity to reform an insurance contract and to recover upon it.

The decree is affirmed.