## COHEN v. GLOBE INDEMNITY CO.

### No. 20218.

District Court, E. D. Pennsylvania.

Dec. 20, 1940.

T. Henry Walnut, of Philadelphia, Pa., for appellant.

Axelroth & Porteous, and Harry Reiss Axelroth, all of Philadelphia, Pa., for appellee.

KIRKPATRICK, District Judge.

The plaintiff, before the effective date of the Rules, brought a suit at law against the Indemnity Company, upon a policy of burglary insurance. The Company defended upon the ground that the plaintiff's books of account had not been kept in the manner provided for in the policy. After a trial there was a verdict and judgment for the plaintiff. On appeal, however, the Circuit Court of Appeals, 3 Cir., 106 F.2d 687, reversed the judgment and remanded the case with the direction to grant a new trial and to proceed in accordance with the opinion.

At the trial, there was evidence that the plaintiff's store had been burglarized on an earlier occasion also, and that at the time of that loss the assistant claims manager of the Indemnity Company told the plaintiff that he was entirely satisfied with the method in which the plaintiff's records were kept. The method then in use was the same as the present method. The principal question presented at the trial was whether this statement, coupled with the payment of the earlier loss by the Indemnity Company, amounted to an estoppel. The holding of the Circuit Court of Appeals was in the negative.

The plaintiff has now presented to this Court a motion for leave to file a "petition for reformation of contract in aid of an action at law." What he seeks is that the policy be reformed by the Court to correspond with the alleged agreement made between him and the Company's assistant claims manager, and further relief, which his counsel argues should include, in addition to the reformation of the contract, the final disposition of the case upon the contract so reformed.

The plaintiff bases his general contention upon Northern Assurance Company v. Grand View Building Ass'n, 203 U.S. 106, 27 S.Ct. 27, 51 L.Ed. 109. Under the rationale of the decision, which was that the plaintiff by suing at law had not made an irrevocable election, there is no reason why the plaintiff in this case cannot abandon the cause of action originally pleaded and substitute for it an equitable cause. The Rules, which are now applicable, are broad enough to authorize the procedure. The plaintiff's motion and petition together may be treated as a motion to amend under Rule 15, 28 U.S.C.A. following section 723c. In fact, this was exactly what the Court did under the old procedure in equity in Jordan v. Roden, 6 Cir., 292 F. 573. The practice was approved by the Circuit Court of Appeals for the Sixth Circuit. I shall therefore consider the plaintiff's petition as an amendment to his complaint and as now tendered to the Court. The amendment is allowed. I will also follow the practice in Jordan v. Roden further, and consider that a general denial by the defendant has been tendered and accepted.

As to the further disposition of the case: At the hearing on the plaintiff's petition the parties entered into a stipulation which I interpret to mean that in the event that the Court decides to proceed with a full determination of the case upon the amended complaint, the testimony of each witness called would be the same as the witness gave in the trial of the prior case. In other words, so much of the transcript of the evidence in the prior case as either party desired to offer will be received in evidence. In pursuance of this stipulation, the plaintiff offered the entire transcript and record. I understand that the statement made by defendant's counsel at the end of the record of the hearing of May 31, 1940, means that he wishes to offer testimony in addition to that offered by the plaintiff. If so, he should have an opportunity to do so. All that is decided in this opinion is that the plaintiff has amended his complaint by adding thereto the entire petition for reformation.

The Court will not pass upon the question whether the contract should be reformed until the defendant has had an opportunity to present all the evidence which he desires to present upon that issue. If all the evidence does not justify reformation of the contract, the case will simply be retried in accordance with the opinion of the Circuit Court of Appeals as though no further proceedings had taken place.

If the Court reforms the contract, the issue on the reformed contract will have to be tried before a jury, since the defendant insists upon a jury trial, and I do not think that the injection of this issue of reformation at this stage of the case can deprive it of that right.

It is true that there are a number of decisions cited by the plaintiff to the effect that, where an action seeks reformation of a contract or policy of insurance, the court of equity having taken jurisdiction and having reformed the contract may proceed to determine the questions of breach and award of damages. All of these decisions, however, arise in what may be called straight reformation cases. The plaintiff could have had the benefit of those rulings had he brought a new action for reformation of the present policy. The present suit began as an action at law. The plaintiff appealed to the equitable powers of the Court to reform the contract. If this is accomplished, the action does not cease to be an action at law but remains as before a suit for damages for breach of a contract—a new contract, it is true, but a contract which has been imported into the action by the plaintiff's choice. This

result, it seems to me, flows from the plaintiff's adoption of procedure by what amounts to an amended complaint rather than a separate action to reform a contract.