16448

MONTALBANO v. AUTOMOBILE INS. CO. OF
HARTFORD, CONN.

(62 S. E. (2d) 829)

*Messrs. McLeod & Shore,* of Sumter, *for Appellant,*

368

*Messrs. C. M. Edmunds* and *John S. Hoar*, of Sumter, for *Respondent*,

December 27, 1950.

FISHBURNE, Justice.

In a former action between the same parties, brought in a Magistrate Court to enforce the collection of an insurance policy issued to the respondent by appellant, insuring his dog against certain specified risks and perils, it was held by this court that the policy did not cover poisoning. It was further held that parol evidence was not admissible to establish that appellant's agent allegedly represented to respondent that the policy did cover this risk. *Montalbano v. Automobile Ins. Co. of Hartford, Conn.*, 217 S. C. 157, 60 S. E. (2d) 77. The respondent was consequently defeated in that action and thereafter he commenced this action

for a reformation of the policy contract, and recovery thereunder as reformed. He is now met by the objection that he has already had his day in court as respects the subject of this litigation, and that the former judgment is a bar to this action.

Appellant by its answer alleges that respondent, having sought an inconsistent remedy in the first cause, when in full possession of all the facts, made an election of remedies, and is now estopped to recover in this action. The circuit court sustained the demurrer interposed by respondent to this defense, held that there was no election, and that the respondent is not estopped to bring the current action. This appeal followed.

It was stated in the opinion of this court in the former case, *Montalbano v. Automobile Ins. Co. of Hartford, Conn.,* 217 S. C. 157, 60 S. E. (2d) 77:

"The controlling issue in this case is the meaning and legal effect of the terms and provisions of the insurance contract entered into between the parties. This in turn gives rise to the question of the competency of certain evidence given by appellant and admitted over the objection of the respondent.

"On trial of the cause, after introducing the policy in evidence, the appellant testified that he read the policy, but that he and the agent were both in doubt as to whether its provisions included death by poisoning. The negotiating agent, after conference with another agent of the company, returned to the appellant's place of business and, according to appellant's testimony, assured him that the policy would cover death of the dog from this cause. Upon this assurance, he accepted it. The foregoing testimony was objected to by the respondent (defendant), but the magistrate ruled that the perils insured against, and the exceptions as provided in the written contract of insurance, were ambiguous. Upon this ground, the parol testimony objected to was admitted as competent."

On this evidence, the jury rendered a verdict for respondent. But upon appeal, the circuit court ruled that the foregoing testimony was improperly admitted, and as the policy did not cover poisoning, dismissed the complaint. As stated, this ruling was affirmed.

It is soundly stated in 18 Am. Jur., Sec. 10, Page 133: "Election is predicated on the existence of a state of facts that furnishes the party an option to do either the one thing or the other. There must be the possibility of the adoption or rejection of a theory of action. This principle applied to the doctrine under consideration gives us the well-established proposition that an election of remedies presupposes a right to elect. There must be present such a condition of facts as affords the party a choice of remedies inconsistent in character, as where a choice lies between remedies at law and in equity or where a suit may be brought on a given state of facts either on contract or in tort or by attachment or replevin. If in truth there is only one remedy, and not a choice between two or more, the doctrine of election does not apply, as where a party misconceives his remedy and the one on which he expected to rely was never available to him  *  *  *."

We think it clear that although respondent in his law action before the magistrate, relied upon the insurance contract as written, yet in reality he contended for such a construction as would make the policy conform to the contract he sought to prove by the testimony ruled inadmissible. He had only one remedy and that was in equity. It is obvious that the respondent in both suits relied upon the same facts respecting the policy. 18 Am. Jur., Sec. 33, Page 154; *Northern Assurance Company v. Grand View Bldg. Ass'n,* 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109.

The doctrine of election of remedies is applicable only where there are two or more co-existent remedies available to the litigant at the time of the election which are repugnant and inconsistent each to the other.

*McMahan v. McMahan,* 122 S. C. 336, 115 S. E. 293, 26 A. L. R. 1295. This rule is upon the theory that, of inconsistent remedies, the pursuit of one necessarily involves or implies the negation of the others. *Scott v. McIntosh,* 167 S. C. 372, 166 S. E. 345. But it is evident here that there is no inconsistency or repugnancy as to the facts relied upon as a basis for the relief sought by respondent. The right invoked in each case shows that it is based essentially upon a reformation of the policy contract. In bringing the first action the respondent merely mistook his remedy, and he should not be required under these circumstances to select his procedure at his'peril.

It will be recalled that the former action was instituted in a magistrate court of Sumter County, which court has no equitable jurisdiction. It is altogether probable that if respondent had had access to an equitable remedy, in the magistrate court, his complaint would have been amended so as to enable him to seek reformation, and he would thereby have obtained what he now seeks—a trial on the merits.

It appears that we have no case in our reports directly in point, but, in our opinion, the correct rule is expressed in *Knight v. Electric Household Utilities Corporation.* 133 N. J. Eq. 87, 30 A. (2d) 585, 587, where the court, passing upon the same question. stated:

"Complainant, in the law action, claimed the same right which he now asserts with respect to the period of time during which the commission on sales would accrue. In order that the commencement of an action at law shall bar another remedy which the prosecuting party may have, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party cannot logically assume to follow one without renouncing the other. *Van Buren v. Fine,* 101 N. J. Eq. 373, 139 A. 486; *Id.,* 103 N. J. Eq. 327, 143 A. 921. It is true that in the law action, complainant relied on the contract as

written, but he contended for such a construction of the contract as would make it equivalent to the contract reformed pursuant to his prayer in this Court. The institution of the law suit does not bar the suit for reformation. *Green v. Morris & E. R. Co.,* 12 N. J. Eq. 165; *Nazzarro v. Globe & Republic Ins. Co.,* 127 N. J. Eq. 279, 12 A. (2d) 697. Defendant cites *Farmer's Reliance Insurance Co. v. Overfield,* 120 N. J. Eq. 180, 184 A. 344, which must be considered overruled, so far as it is contrary to the case above cited.

"Although complainant prosecuted his action at law to judgment, he is not concluded by the judgment from seeking reformation. Whether a plaintiff is precluded by the judgment, depends upon the extent to which legal and equitable remedies have been merged in the state where the judgment is rendered. Restatement, Judgments, § 66. The judgment bars the suit for reformation if the plaintiff could have obtained reformation in his original action on the contract. *Royal Ins. Co. v. Stewart, Inc.;* 190 Ind. 444, 129 N. E. 853. But where the law court cannot give equitable relief, the judgment is not a bar. *Northern Assur. Co. v. Grand View Bldg. Ass'n,* 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109."

The Annotation contained in 49 A. L. R., Page 1513, contains a general discussion, and the citation of many cases on the subject involved in this appeal.

Appellant contends that in passing upon the demurrer interposed by respondent to the defense alleged by appellant, the circuit judge went beyond the record in considering the complaint and the evidence offered in the trial of the first case. We find no merit in this contention.

The circuit judge in the present case committed no error in taking judicial notice of what was stated in the former opinion. In addition to this, appellant in the second defense of its answer specifically refers to the judgment roll in the

first case, on file, in the office of the Clerk of Court for Sumter County.

Judgment affirmed.

STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., not participating.