**NIEBLO MFG. CO., Inc., v. PRESTON et al.**

No. 239.

Circuit Court of Appeals, Second Circuit. March 3, 1930.

Ambrose L. O'Shea, of New York City, for appellant.

Emery, Booth, Varney & Townsend, of Boston, Mass. (Henry M. Weidner, of Boston, Mass., of counsel), for appellees.

Before L. HAND, SWAN, and MACK, Circuit Judges.

PER CURIAM.

The facts are stated in Judge Thomas' opinion, with which we agree, except that we wish to throw no doubt upon the validity of the patent. The scope of the single claim appears to us too narrow under well-settled rules to allow us to include the supposed infringements, though unhappily these really steal the heart of the invention. The crucial element is that described in the phrase, "surrounded by a marginal ball-retaining and supporting rim"; the whole claim being copied verbatim from a passage in the specifications (page 1, lines 30–41), which was itself substantially changed in the Patent Office. The substance of the element in dispute had been, however, already disclosed (page 1, lines 105, 106), and made definite by reference to the figures, which showed a flat rim between the edge of the dish scooped in the top of the tee to hold the ball, and the outside edge of the tee itself. If the two come together, their circle of contact is substantially, though not geometrically, a circle, and the defendant makes all the supposed infringements in this way.

Such a trivial difference we should not ordinarily think important, nor do we know what use the applicant supposed the rim to have; perhaps to prevent a thin edge from being broken if the ball was used to press home the tee, or to protect the thumb, if that was used. Nevertheless, during the course of the application he made this feature of his claim an essential part of his monopoly. He originally applied for eight claims, of which the last four were dropped and are irrelevant. The first four were in two classes, claims 1 and 3 for a tee with a shank and a dished support; claims 2 and 4 for a shank and a dished support, the support to have "a marginal ball-retaining and supporting rim." The Examiner rejected all these upon Grant's patent, Kirkwood's and Matthews', of which Grant and Matthews had a marginal rim, though Kirkwood does not show one. After a second rejection, the applicant canceled all the claims and substituted the single one now in suit, which is in substance the same as claims 2 and 4, with the addition that the upper surface of the dish must "conform to the surface of the ball." Apparently it was this element which secured its allowance, since the rim alone had not theretofore been thought enough to save claims two and four.

The well-settled rule is that, if an applicant accedes to the cancellation of a claim by adding a new element, he is limited pro tanto. I. T. S. Co. v. Essex Co., 272 U. S. 429, 443, 47 S. Ct. 136, 71 L. Ed. 335; Weber Elec. Co. v. Freeman Elec. Co., 256 U. S. 668, 677, 678, 41 S. Ct. 600, 65 L. Ed. 1162; Hubbell v. U. S., 179 U. S. 77, 80, 21 S. Ct. 24, 45 L. Ed. 95. We cannot say by any latitude of interpretation that the defendant's tees have such a rim (Jones v. Gen. Fireproofing Co., 254 F. 970 [C. C. A. 6]), and the case falls within the doctrine, unless it applies only to that element which was absent from all the original claims; that is, to the conformity of the dish to the surface of the ball. We know of no such distinction in the books, and the underlying reason does not require it. If, for instance, the claim allowed has four elements, A, B, C, and D, of which one of those abandoned had A and B, and the other, A, B, and C, confessedly we should have to say that it could not cover A and B, or A, B, and C. However, we could not thereafter hold that the claim covered A, B, and D. The abandoned claim, which included only A and B, included all its species, and, once abandoned, carried these with it, except that covered by the claim allowed; a species cannot survive the extinction of the genus.

While it appears harsh to bear so heavily upon a matter which in the case at bar is inconsiderable, the rule is one of the few absolutes in the patent law. Nor is it indeed as unjust as it appears; it is familiar to all solicitors, who know the consequences when they abandon claims once filed. They have their recourse at the time by an appeal, and if, as so often happens, they are content to

take what the Examiner allows, there is no reason why they should later be allowed to repudiate the implications of what they do.

Decree affirmed.