### DEITEL v. COHEN.
### No. 209.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

W. P. Preble, of New York City, for appellant.

Benjamin Lichtman, of Brooklyn, N. Y., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The specifications recite that the "invention relates to containers, and more particularly, to novelty containers and vanity cases." The patentee's idea was to produce a box, in the preferred form simulating a book, by a process of manufacture which would require fewer tools and dies and so result in cheaper production costs than were obtained in the construction of similar articles under the prior art. The novelty of the combination was the building up of a box around a skeleton frame made of two parts, each stamped from a piece of sheet metal, and the two hinged together; one part being a flat open frame for the top cover, the other part forming the walls of the box, with outwardly projecting flanges, and constituting an open frame for the bottom cover. The cover plates, faced with imitation leather, were attached to the open frames by means of channel members.

There are three claims; claim 1 being the broadest and reading as follows: "1. A container made of two parts, one of said parts comprising an open frame constituting the walls of said container, and the other part comprising a flat open frame hinged to said first mentioned frame, outwardly projecting flanges on said first mentioned frame at one of its peripheries, a cover plate conforming to the shape of said first mentioned frame and constituting the bottom of said container, a cover plate conforming to the shape of said flat open frame and constituting the top of said container, a facing extending over said cover plates and over the hinged portions of said frames, a separate channel member clamping said facing and said bottom cover plate to said flanges, and a separate channel member clamping said facing and said top cover plate to the edges of said flat open frame." Claim 2 adds only the requirement that the container shall simulate a book. Claim 3 claims "a vanity case simulating a book." In addition to the elements of claim 2, it requires certain inwardly projecting flanges and bezels so as to hold a mirror against the inside of the top cover plate.

The District Court held that, if there were invention, it must reside in the use of channel members to hold together the various parts making up the container, and, from a careful consideration of the prior art, the court concluded that plaintiff's product represented mechanical skill only and not invention. This conclusion in our opinion, fails to give sufficient weight to the first element of the claims, namely, the two-part open

frame upon which the box is built up. Prior patents show containers in book form and show the use of channel members to attach a binding to a book or to hold together various parts of a container; but nothing in the prior art shows a box consisting of the combination of a two-part open frame, together with the other elements, such as the patent in suit discloses. The book form container of the patent to Nutry, No. 1,530,908, was constructed in a very different manner. The same is true of the patents to Greer and to Fisher. We cannot say that it required merely mechanical skill to construct a container in book form by this new and simpler method which has resulted in production economies and has met with substantial commercial success, as indicated by the plaintiff's testimony that over 400,000 containers have been sold in less than two years. Doubt as to whether a patented device should be deemed invention or merely a mechanical improvement should be resolved in favor of the patentee, where it comes immediately into extensive use. Frick Co. v. Lindsay, 27 F. (2d) 59, 61 (C. C. A. 4).

Infringement is not avoided by the difference in form of defendant's vanity case. His case is hinged at the end instead of the side. It simulates in miniature a stenographer's notebook rather than an ordinary book, but all the essential elements of the structure are identical with those claimed by the patentee. If the patent is valid, as we hold it is, infringement seems clear.

The decree is reversed, and the cause remanded for entry of an interlocutory decree for the plaintiff.