### DEITEL v. UNIQUE SPECIALTY CORPORATION et al.
#### No. 75.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

W. P. Preble, of New York City, for appellant.

Cavanagh & James, of New York City (Maxwell James, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

We held this patent valid in Deitel v. Cohen, 40 F.(2d) 263, and this suit was brought against another infringer. We refer to our opinion for a statement of the general nature of the invention and for a discussion of the claims, in all three of which one element is the same with immaterial variants. The first will serve as illustration: "A separate channel member clamping said facing and said bottom cover plate to said flanges and a separate channel member clamping said facing and said top cover plate to the edges of said flat open frame." The supposed infringement is within the claims, except that the channel members are not separate, but integral with the wall 1 of the lower member, and with the edges, 2[1] of the upper. Ordinarily we should not insist upon so slight a difference, but the invention is at best extremely narrow, and we can see no ground for resorting to the doctrine of equivalents when the claims speak plainly and the invention is a trifling step forward. Claude Neon Lights v. Machlett, 36 F.(2d) 574, 576 (C. C. A. 2).

The case would scarcely have justified an opinion were it not that the decision below was in part rested upon reasoning with which we cannot agree. Deitel applied for a patent two days after the patent in suit was granted in which he got claims for channels integral with the wall, whose validity necessarily presupposed that the claims in suit were for separate channels. Indeed, he said as much during the prosecution of this second application. We cannot regard either the patent or what he said as material to the proper interpretation of the claims in suit. At most they could be regarded as no more than admissions, and as such they were not material to the construction of the patent in suit, a formal written instrument, whose meaning we must find from its terms.

Again, the defendant argues and the judge found that the file wrapper contained estoppels which concluded the patentee from expanding his claims to cover integral channels. This arose because of the rejection of a claim which did not so limit the channels (original claim 2). The estoppel would indeed have been good, had the only difference between the rejected claim and the claims allowed been in this single element; but in fact the claims allowed were more limited in several respects. We have therefore the case where a patentee accepts the rejection of a claim for A and B and gets a claim for A, B, C, and D. We said in Nieblo Mfg. Co. v. Preston, 39 F.(2d) 604, that in such a case the estoppel extended to structures embodying A, B, and C, and A, B, and D, because the surrender of the genus, A and B surrenders all its species except that eventually secured A, B, C, and D. It would follow that the most general claim rejected in the prosecution of an application would prevent the patentee from asserting any equivalents which will in effect modify any claim if it remains a species of the rejected claim. We think that this language, which was not necessary to the disposition of that case, was too broad. While the rejection of a claim does of course forbid any interpretation of those secured which leaves them identical with that rejected, it does not necessarily prevent their being read as equivalent to any species of the rejected claim,

which the doctrine of equivalents justifies. It only forbids the patentee from reducing his claim to the rejected claim, simpliciter.

Thus it did not follow in the case at bar, because the patentee had assented to a rejected claim which did not call for separate channels, that the defendant's channels, though not separate, were not the equivalent of separate channels. Since the claims allowed differed in other respects from the rejected claim, he was not estopped until he attempted to avoid all the differentia introduced, so that they would become as general as the rejected claim itself. There was therefore here no room for the doctrine of estoppel, and our decision must rest entirely upon the fact that the claims must be construed as they read.

Decree affirmed.