August 7th, 1930, complainant filed in this court a bill against defendants alleging that the business and contents of a certain grocery store were owned by him, but that when the business was purchased by him he caused the legal title to be made to his wife, one of the defendants herein, with whom he is now estranged; that recently his wife has taken possession of the store and in collusion with defendant Sophia *Page 315 
Silver to defeat complainant's rights has conveyed the business and chattels to her, and that she has taken possession and asserts ownership. The bill prays for an injunction restraining the defendants from removing the goods and the appointment of a receiver pending the suit and an injunction against defendants' incurring debts in connection with the business and an accounting for merchandise already sold, and further prays that it may be decreed that defendants hold in trust for complainant and be ordered to restore the business and chattels to him.
An order to show cause was issued with preliminary restraint pursuant to the bill and at its return a hearing was had before Vice-Chancellor Ingersoll on affidavits filed by the respective parties, and the order to show cause and its restraint was by him dismissed.
Complainant then sued out at law a writ of replevin to recover possession of the store and its contents.
Defendant Sophia Silver then filed a petition in this cause setting forth the commencement of the replevin suit and alleging that the matters in dispute were identical in both causes, and prayed for restraint against further proceedings by complainant in the replevin suit. On that petition an order to show cause was issued with preliminary restraint against complainant's disposing of the goods, and at the return of the order to show cause a hearing has been had on voluminous affidavits filed in behalf of the respective parties.
Petitioner relies not only on her claim of ownership of the goods, but also upon a claim that complainant should be restrained from further prosecuting his replevin suit because of the pendency of this cause.
It is impossible to determine from the affidavits on file what the truth may be; it is clear that perjury has been committed by some of the parties, but until a final hearing, at which witnesses may be searchingly cross-examined, no affirmative finding of fact touching the ownership of the business is possible. *Page 316 
But no substantial doubt can be said to exist touching the duty of this court arising from the pendency of the replevin suit. That suit was brought by complainant after the bill in this court had been filed by him and subpoenas issued and served. Upon the service of the subpoenas this court acquired complete jurisdiction over the cause and the parties. The replevin suit was thereafter brought by complainant and the circumstance that answer in this suit had not at that time been filed is wholly immaterial in the inquiry whether this court should restrain further prosecution of the replevin suit. The general rule is that the court first obtaining jurisdiction of a cause has a right to decide every issue properly arising in the cause and may prevent a party withdrawing to another court the decision of such issues in a manner which will prevent the proper administration of remedies incident to the primary cause. But many cases may arise in which the subsequent suit has no such effect. Accordingly it is held that in examining into the exclusive character of the jurisdiction of such cases, regard must be had to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits. An illustration which has been given is that of a party having notes or bonds secured by a mortgage on real estate. "He may, unless restrained by statute, sue in a court of chancery to foreclose his mortgage, and in a court of law to recover a judgment on his notes, and in another court of law in an action of ejectment to get possession of the land." The relief thus sought in each of the suits is different; in one the foreclosure of the equity of redemption, in another a money judgment, in the third possession of the land; although all are based upon the same indebtedness, the jurisdiction of neither court is affected by the proceedings in the other. See Buck v. Colbath,70 U.S. 334; Shoemaker v. Maloney, 102 N.J. Law 363.
In the present case, however, the bill not only seeks to restrain the defendants from disposing of the property and from incurring debts in connection with the business, and *Page 317 
an accounting for goods already sold, but seeks a decree declaring the business to be held by defendants in trust for complainant and also compelling defendants to restore the business and chattels to complainant. In the replevin suit the chattels will pass to the possession of complainant unless defendant supplies a bond (and she declares herself unable to do that) and complainant may dispose of them as he sees fit; the ultimate result in the replevin suit will be either damages for defendant or confirmation of complainant's right, and most of the remedies sought in the suit in this court will be thus rendered futile; accordingly there can be no doubt of the duty of this court, so long as this cause is pending in this court, to adjudicate the remedies presented by the present bill, and to that end enjoin complainant from withdrawing from this court the adjudication of such remedies through the prosecution of the replevin suit.
But it is not clear that that power should be here exercised. It is complainant who asserts rights in both cases, and but for the restraint in the pending order to show cause, complainant could at will dismiss his present suit in this court. Should he desire to do so and to proceed in the enforcement of his alleged rights in a law court I see no reason why that privilege should be denied to him; but so long as his appeal for relief is in this court he should not be permitted to destroy the remedies incident to the present suit. In these circumstances the usual order for election of remedies will be made. Complainant will be required to elect whether he will proceed under his bill in this court, or dismiss his bill and proceed in the replevin suit. In the former case the restraint contained in the order to show cause will be continued; in the latter case no restraint will be imposed.
The views above expressed fully dispose of the subsequent application of complainant for modification of the pending restraint contained in the order to show cause. *Page 318