The bill of complaint in this cause seeks the cancellation of two policies of fire insurance issued to defendant by complainant on defendant's property, situate in the village of Columbia, Warren county, New Jersey, one on September 18th, 1931, in the amount of $4,500, the other, on December 11th, 1933, in the amount of $7,600. The building insured under the first policy is described as a store; under the second policy the same building is described as a store and dwelling. The last mentioned policy was a renewal of a policy issued by the complainant in 1928. At the time the original policy was issued and application made therefor, there was contained in the building a small carpenter shop in which a power saw about four feet square was operated by an electric *Page 181 
motor. When the defendant procured the insurance, the applications for same were made through I.S. Appleman, an agent and county director of the insurance company. The descriptions of the property insured are in accordance with the applications made which were signed by the defendant and made out partly by him and partly by Appleman, the agent and county director, in the premises so insured. The agent, at the time the first application was made, knew of the existence and operation of the carpenter shop and the electric motor, the application having been made out in the premises, in fact, in or adjoining the carpenter shop, which carpenter shop continued in the building when the two subsequent policies were written and was there at the time a fire took place on March 30th, 1934. The applications for the policies were forwarded by the agent to the home office and the policies written and sent back to the agent for delivery to the insured. Appleman had been agent and county director for many years and he surveyed the building and saw the carpenter shop and the saw, operated by the electric motor, and he testified that he wrote the secretary of the complainant to rate the building with the carpenter shop, and the secretary wrote back and gave him the rate, on which basis the policy was written in 1928 of which the policy written in 1933 was a renewal.
The complainant denies knowledge of the existence of the carpenter shop in the building until a short time before the fire occurred, when an inspection was made on behalf of the company. However, its agent and county director had full knowledge and in view of his testimony I have concluded that he at least notified the company of its existence at the time the first policy was written. There was no attempt on the part of the defendant to conceal from the complainant or its agent its existence.
By amendment to the bill, the complainant charged that the fire occurred under circumstances which made it impossible for the defendant to satisfactorily explain the origin thereof, and charged defendant with having falsely stated in the sworn proof of loss delivered to complainant by him that the *Page 182 
fire did not originate by any act, design or procurement on his part, which sworn statement was alleged to be false, and at the hearing on the amended bill offered some proof that suggested that the fire might be of incendiary origin; however, such proof was entirely inadequate to sustain complainant's contention in that respect. The only remaining basis for the complainant's contention that such policy should be canceled, is the alleged fraud of defendant at the time of making the contract of insurance. Proof of the loss incurred by the defendant by reason of the fire was furnished and after the failure by complainant to pay such loss the defendant, on March 11th, 1935, commenced a suit in the New Jersey supreme court, laying the venue in Warren county, to recover his loss. The complainant, instead of defending such suit at law, filed its bill herein on March 12th, 1935, at which time the suit at law was restrained, pending the return of an order to show cause, and upon the return of such order, defendant consented to further restraint pending the final hearing of this cause. The defendant, after denying the essential allegations of the bill, by counter-claim seeks to have the insurance policies reformed so that said policies should state that part of the said building is used as a carpenter shop with an electrically driven motor, machinery and tools. So far as this counter-claim is concerned, I have concluded that the defendant, having elected to commence a suit at law, is limited to his remedy at law, and the counter-claim will therefore be dismissed, but without prejudice, of course, to the prosecution of the pending law suit. See Van Buren v. Fine, 101 N.J. Eq. 373;affirmed, 103 N.J. Eq. 327.
The complainant having filed its bill to cancel the policies after the loss thereunder took place, and after the suit at law was commenced, I feel should be required to seek an adjudication of its rights by answer in such suit and there set up such defenses as it may be entitled to make. The reasons urged by the complainant for the cancellation of these policies are defenses which may be made at law, and the bill will therefore be dismissed without prejudice to complainant's right to enter its defenses in the suit at law. *Page 183