LOUIS P. HURBANIS, ARTHUR G. HURBANIS and WILLIAM H. HURBANIS, complainants-appellants,

*v.*

CHARLES SCHULTZ and LILY SCHULTZ, his wife, and MARIE MEYER and WILLIAM H. MEYER, her husband, defendants-respondents.

[Argued May 28th, 1940. Decided October 10th, 1940.]

*Mr. Carroll J. Stark (Mr. Harry Nadell, of counsel)*, for the appellants.

*Mr. August W. Heckman,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

Complainants, the present appellants, instituted foreclosure proceedings against the defendants, the respondents herein, and as a result a decree was entered adjudging that the sum of $3,361.45 was due upon the bond and mortgage and directing the sale of the premises involved. The property was sold to the complainants for the sum of $100, and the defendants objected to the confirmation of sale, alleging that the sale price was inadequate. An order was entered confirming the sale which contained a provision that in the event complainants instituted suit for a deficiency on the bond, the court would entertain an application to have testimony taken for the purpose of determining the fair market value of the premises. A deficiency suit was brought in the Supreme Court, and the defendants filed a petition in accordance with the terms of the order of confirmation. The court thereupon restrained the law action and appointed a master in chancery to determine the fair market value of the property which the master reported was, on the day of sale, not in excess of $1,200. The court confirmed the master's report and vacated the restraint against the suit at law. The defendants then

filed an answer in the deficiency action which alleged, in substance, that there was no liability under the bond because of the fact that the plaintiffs had neglected and failed to join, as a party defendant in the foreclosure proceedings, a tenant who resided in and had possession of the mortgaged premises, and that by reason thereof the plaintiffs did not exhaust their security before instituting the law action. A reply was filed which in effect denied the defenses contained in the answer. Thereafter the complainants made application to the Court of Chancery to enjoin the setting up as a defense in the deficiency suit the non-joinder of the tenant in the foreclosure proceedings. A preliminary restraint was allowed, and after a hearing on the order to show cause, the court dismissed the complainants' petition and vacated the order of restraint, holding in effect that the proceedings instituted by the defendants in the Court of Chancery to determine the fair value of the property did not estop them from asserting in the law action the defense in question.

We conclude that the action of the Court of Chancery was error and contrary to the ruling of this court in the case of *Fidelity Union Trust Co.* v. *Chausmer, 120 N. J. Law 208,* which cites with approval the case of *Stratford Building and Loan Association* v. *Wagner, 122 N. J. Eq. 452,* and holds that "a mortgage debtor who has obtained from the Court of Chancery credit on the decree for the fair market value of the mortgaged property, will not be permitted to assert in the Supreme Court in defense of a deficiency action on the bond, that the mortgagee failed to join some of the tenants of the mortgaged property in the foreclosure suit, when it appears that complainant, with full knowledge of the facts, in her objection to the confirmation of sale and in her application for a credit on the decree of the full value of the mortgaged property, made no reference to the failure of the mortgagee to join tenants as parties to the foreclosure." It is apparent that the defendants in the present suit did not desire to have the deficiency based on the foreclosure sale, as in the case of *American-Italian Building and Loan Association* v. *Liotta, 117 N. J. Law 467,* but elected to have the Court of Chancery determine the full market value of the mortgaged premises

and credit on the bond the amount so fixed. The record shows that the court did not consider any existing tenancy when it decided what amount represented the true value of the property, and no evidence relating to tenancy was submitted by the defendants to the master, who determined that $1,200 was the full, true and equitable value of the premises, free and clear of all interests, liens and encumbrances. It is a settled principle of law that where a person has two or more remedies for the redress of a wrong or the enforcement of a right, and these remedies are based upon inconsistent theories, such person is put to an election, and when he has, with full knowledge of the facts, definitely chosen to pursue one remedy, he will be bound by his election. *20 C. J. 5 § 6.*

The defendants argued that the complainants should be estopped from seeking relief in the Court of Chancery and required to resort to the law court for their remedy, and that the filing of a reply and notice of trial in the law suit constituted an election on the part of the complainants to have the issue involved passed upon by the law court. We are not in accord with such contention. The Court of Chancery, on motion of the defendants, having fixed the amount of the deficiency due upon the bond and mortgage, had jurisdiction to restrain by injunction the same issue being presented to the law court for adjudication. *Pulnam* v. *Clark, 34 N. J. Eq. 532; Lane* v. *Rushmore, 125 N. J. Eq. 310.* The mere fact that a party to an action at law pleads therein does not in itself preclude him from seeking relief in equity. *Simon* v. *Townsend, 27 N. J. Eq. 302; Adams* v. *Camden Safe Deposit and Trust Co., 121 N. J. Law 389.*

The order under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, Wolfs-Keil, Rafferty, Hague, JJ. 13.