Beatrice M. LEVY

v.

EQUITABLE LIFE ASSURANCE SO-
CIETY OF THE UNITED
STATES.

Civ. A. No. 16427.

United States District Court
E. D. Pennsylvania.

Sept. 27, 1955.

Jerome L. Markovitz, Philadelphia, Pa., for plaintiff.

Edmonds, Obermayer & Rebmann, Philadelphia, Pa., by Herbert Fogel, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In this removed case plaintiff as beneficiary of her husband's life insurance policy has sued to recover a sum which may be due under the policy. Defendant has filed an affidavit and depositions to prove its contention that it is not liable to plaintiff. Defendant's contention is that plaintiff's husband procured reinstatement of his insurance by submitting as part of his application for reinstatement false and fraudulent answers to questions relating to his health. Plaintiff has filed no counteraffidavit and no depositions, with the result that, at the present stage of the proceedings, outside of the pleadings there is no denial of the facts stated in the affidavit and depositions filed by the defendant. How-

ever, there is nothing in the complaint or in plaintiff's brief or in the oral argument made by plaintiff's counsel which admits the facts stated by defendant's witnesses in their affidavit and depositions. Furthermore, defendant's affirmative defense of fraud averred in its answer is taken as denied under Rules 7(a) and 8(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

Defendant has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

■ Rule 56 provides in part: "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court of Appeals for the Third Circuit apparently has adopted the restrictive rule that the formal allegations of a pleading are enough to create a "genuine issue as to any material fact" even against a detailed showing by affidavits and depositions to the contrary.[2] Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90, 91–92, citing dictum in Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581.

■ Under the rule of the Third Circuit the instant case cannot be decided at the present state of the proceedings.[3]

Accordingly, defendant's motion for summary judgment will be denied.

1. Rule 7(a): "Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Rule 8(d): "Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

The court did not order a reply to the answer in the present case.

2. Most courts outside of the Third Circuit have adopted a contrary rule, which has been stated by Professor James W. Moore as follows:

"Summary judgment should be rendered, even though an issue may be raised formally by the pleadings, where the supporting affidavits [and other extraneous materials, if any, such as depositions, for example] and the opposing affidavits [and other extraneous materials], if any, show that there is no genuine issue of fact." 6 Moore, Federal Practice, par 56.11[3], p. 2069. (2d Ed. 1953), and cases there cited.

3. The Advisory Committee to the United States Supreme Court on Rules of Civil Procedure has proposed the following additions (i. e., the italicized portions) to Rule 56(e) of the Federal Rules of Civil Procedure:

"Form of Affidavits; Further Testimony; *Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him.*" Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts, pp. 49–50, (May, 1954).

Adoption of this proposed amendment apparently would change the law of the Third Circuit with respect to summary judgment to conform with the majority rule stated in Note 2, supra.