Curtis F. PAXTON

v.

DESCH BUILDING BLOCK CO., Inc. (two cases).

Civ. A. Nos. 19952, 19953.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1956.

Robert H. Jordan, Allentown, Pa., for plaintiff.

Irving W. Coleman, Bethlehem, Pa., for defendant.

VAN DUSEN, District Judge.

These actions are now before the court for disposition on motions of the defendant to dismiss and for judgment on the pleadings in both of plaintiff's cases, and on motion by plaintiff in the replevin action (Civil Action No. 19,953) to strike the counterclaim.

### Facts.

On March 12, 1953, Curtis F. Paxton,[1] plaintiff in this action,[2] entered into an agreement with Jerrold Oakley and J. Nevins McBride for the sale of his interest in a partnership conducted by him under the name of Walker Cement Products Company[3] at Little Ferry, New Jersey, excepting, in part, "the plant of the partnership situated at Lancaster, Pennsylvania, and all assets and property whatsoever connected therewith" (defendant's Exhibit B, paragraph 1). The plaintiff agreed not to compete with the purchasers for a period of five years (until March 12, 1958) "within any of the states of the United States except the State of Utah, and excepting that Curtis F. Paxton, one of the sellers may operate the Lancaster, Pennsylvania, plant of the sellers for the purpose only of manufacturing and selling the products of said plant to the Highway Department or any instrumentality of the State of Pennsylvania or for projects that may receive Federal or State aid."

Modifying this agreement on August 5, 1954, the Walker Cement Products Company, a corporation of the State of New Jersey formed by Oakley and McBride,[4] agreed:

"* * * that for a period of five (5) years it will not set up or operate, directly or indirectly, a plant or installation in the State of Pennsylvania for the manufacture of porous concrete pipe, nor will it, directly or indirectly, sell, lease, furnish or install porous concrete pipe-making machinery to be used in said State for a like period of five (5) years."

On December 8, 1954, the agreement under which the instant actions are brought was entered into by Paxton and the defendant, Desch Building Block Company, Inc. (hereinafter called "Desch"), a Pennsylvania corporation. By the terms of this agreement (herein-

1. Paxton, for the purposes of this action, is a citizen of the State of New Jersey.

2. Paxton entered into the agreement of March 12, 1953, and the modification thereof on August 5, 1954, together with John C. Hanson, who is now deceased (see deposition of Curtis F. Paxton, page 3).

3. The plaintiff also agreed by this instrument not to use the name "Poroswall" or "Walker Cement Products Company,"

and, in addition, that the sale of the partnership assets would include "any patents or trade-mark rights connected with said name and products of said company, including all rights to restrain others who may be using said name or manufacturing said products." See defendant's Exhibit B, paragraph 8.

4. Oakley and McBride, in the agreement of 3/12/53, indicated that they were contemplating the formation of such a corporation. See paragraph 10 of defendant's Exhibit B.

after called the "Paxton-Desch agreement"), the parties covenanted that Paxton would lease and deliver to Desch a pipe machine for the manufacture of porous concrete pipe with slip joints for multiple production, together with a formula and process used in connection with the manufacture of the pipe. Such lease would be for a term of ten years and two months [5] and the total rent would be $75,000, with stated lump sums payable in advance [6] and quarterly payments of $1,000.[7] Paxton further granted Desch the exclusive [8] right to sell pipe manufactured on the pipe machine in an area called the "Territory," [9] but limited such sales to the Highway Department or any instrumentality of the Commonwealth of Pennsylvania, or for projects that may receive federal or state aid. These limitations on sales within the territory were to be effective only until March 12, 1958 (see Sec. 9 of plaintiff's Exhibit A).[10]

The Walker Cement Products Company, under its new name, the Walker Poroswall Pipe Company,[11] brought suit against Paxton and Hanson [12] in the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C–1615–54, charging that Paxton had violated the terms of the March 12, 1953, agreement and the August 5, 1954, modification thereof (1) by entering into a business competitive to their business, (2) by selling porous concrete pipes to others than the Highway Department or any instrumentality of the State of Pennsylvania or projects that may receive federal or state aid, (3) by entering into leases for machinery for the manufacture of porous concrete pipe, and (4) by otherwise selling concrete pipe within and without the State of Pennsylvania other than in the State of Utah.[13]

On July 11, 1955, the suit was settled out of court by an agreement between Paxton, Hanson, and the Walker Poroswall Company (defendant's Exhibit 1), providing that the parties would share equally in all past and future profits and losses arising out of the Paxton-Desch agreement and that Paxton assigned to the parties' respective attorneys, Thomas L. Zimmerman and Floyd V. Amoresano, as agents for Paxton and the Walker Poroswall Pipe Company, all of his right, title and interest in the Paxton-Desch

---

5. The lease was to be for a term of 10 years and 2 months up to 15 years and 2 months, depending on the rate at which Desch paid the quarter-annual rent. The lease was to start on February 1, 1955, and end between March 31, 1965, and March 31, 1970.

6. The terms of payment are outlined in paragraph 3 of the Paxton-Desch agreement.

7. In paragraph 3 of the Paxton-Desch agreement, Paxton also agreed that Desch should have the option and right to renew the lease under the same terms and conditions for an additional period of 10 years, with a rental for such period of $3,000. This renewal was to be automatic unless Desch served a written notice on Paxton at least one year prior to the termination date of the original lease that it would not renew the same.

8. Paxton agreed that during the term of the agreement he would not sell porous concrete pipe in the "Territory."

9. The "Territory" consisted of the Commonwealth of Pennsylvania, Department of Highways, Districts 3 and 4 (as constituted on December 8, 1954) and Monroe County, Carbon County, Northampton County, and Lehigh County. See map attached to stipulation filed 10/18/56.

10. Further, paragraphs 10 and 13 of the Paxton-Desch agreement contemplated that Desch would have first refusal rights and an option to enter into an arrangement for the manufacture and sale of porous concrete pipe in two other territories of the Commonwealth of Pennsylvania, and that Paxton might contact Desch for the purpose of supplying porous concrete pipe for specific jobs in Bucks County, Pa.

11. The change of name took place on October 15, 1954. See defendant's Exhibit A, paragraph 1.

12. This suit was brought in the spring of 1955. See page 4 of deposition of Curtis F. Paxton.

13. See deposition of Curtis F. Paxton, pages 28–9, for testimony as to the extent of these violations.

agreement.[14] The said agents were to have full power, on behalf of the parties, to enforce and carry out the terms and conditions of the latter agreement.[15]

By letter of August 3, 1955, Desch claimed the commission of a fraud on itself by Paxton's failure to disclose the agreements of March 12, 1953, and August 5, 1954, at the time of the execution of the Paxton-Desch agreement. This letter claimed that such prior agreements rendered Paxton without legal capacity to make the representations that induced Desch to enter into the agreement, and purported to rescind the agreement.

Paxton, by his attorneys, Robert H. Jordan, Floyd V. Amoresano, and the Hon. Thomas L. Zimmerman, brought two actions: one in replevin,[16] No. 192, January Term 1956 (now Civil Action No. 19953), and the other in assumpsit,[17] No. 193, January Term 1956 (now Civil Action No. 19952) in the Court of Common Pleas of Lehigh County, Pennsylvania, on November 16, 1955. The defendant removed both actions to the instant Federal District Court and filed a counterclaim to both actions.

■ The Paxton-Desch contract is governed by the law of New Jersey.[18]

■■ The defendant apparently contends that plaintiff's failure to elect a contract or a replevin action requires dismissal of both actions at this time, but the defendant has repudiated the agreement in its entirety and, even in the absence of a specific provision in the contract authorizing the maintenance of an

14. In the settlement agreement Paxton also agreed for a period of 10 years not to enter, directly or indirectly, into any business competitive with the business conducted by Walker Poroswall Pipe Company. Further, Paxton agreed not to exercise any options that were in the Paxton-Desch agreement and thereby not to enter into any contract for the sale or lease of other machines than those that he had contracted for in such agreement.

15. The settlement agreement in paragraph 1 stated that:
"The said agents shall have full power on behalf of both the said Curtis F. Paxton, party of the second part and the Walker Poroswall Pipe Company, party of the first part to carry out the terms and conditions of said agreement, dated the 8th day of December 1954, that were undertaken to be carried out by the said Paxton. The said Zimmerman and Amoresano shall have full power in their name or in the name of the said Paxton to enforce the terms of the said agreement and to cause the Desch Building Block Company, Inc. or any of its subsidiaries to carry the terms of the said contract upon its or their part to be performed; to collect any monies that may be due under the said agreement; to sue for and to compromise any suits but at the expense of the said Paxton, party of the second part and the party of the first part. The said agents shall have full power from time to time to modify any of the terms of the said agreement dated the 8th day of December 1954."

16. In the replevin action, plaintiff alleged a failure on the part of the defendant to make the quarter-annual payment of 7/15/55, defendant's repudiation of the contract, plaintiff's notice to defendant of the termination of the bailment, and defendant's refusal to return the property to plaintiff. Damages were alleged in the sum of $10,000, plus $10 per day for illegal retention of the property since 7/15/55.

17. In the assumpsit action, plaintiff in his first count alleged non-payment of the first two quarterly rent payments due on 7/10/55 and 10/10/55, a repudiation of the contract by defendant and the refusal to make such payments despite demands for such made by the plaintiff, all of which showed a breach of contract by defendant. Damages are alleged in the sum of $60,000 with interest since 8/3/55 ($75,000 total rental minus $15,000 of payments already made).
In the second count, plaintiff alleged the order and acceptance of such order for a second pipe machine, plaintiff's payment of $2,500 on the order, and defendant's subsequent repudiation of the order which caused damages to plaintiff of $72,500.

18. Paragraph 19 of the Paxton-Desch agreement states in part:
"This agreement shall be construed and interpreted under the laws of the State of New Jersey."
See footnote 67 of opinion dated 10/5/56 in Lebeck v. William A. Jarvis, D.C., 145 F.Supp. 706.

action or the declaring of a forfeiture, the plaintiff is entitled to maintain an action for damages which will compensate him for all the consequences which naturally follow the breach. Dun & Bradstreet v. Wilsonite Products Co., 1943, 130 N.J.L. 24, 31 A.2d 45, 47; Miller & Sons Bakery Co. v. Selikowitz, 1950, 8 N.J.Super. 118, 73 A.2d 607, 609; Williston on Contracts, Rev.Ed., § 1317; see, also, Restatement, Contracts, § 318. Such action may either be one that upholds the contract and seeks damages or one that treats the contract as terminated and seeks replevin of the articles leased under it. Miller & Sons Bakery Co. v. Selikowitz, supra; [19] cf. Williston on Contracts, Rev.Ed., §§ 1291 and 1464; and Restatement of Contracts, §§ 381 and 384.

■ In the absence of a specific provision in the agreement permitting both the recovery of the rental due and the replevying of the leased machinery upon the breach of the contract, the plaintiff must elect his remedy and cannot elect to rescind the contract and recover the property, while at the same time affirming the contract by suing to recover the total rental due. See Lizak v. Rottenbucher, 1947, 140 N.J.Eq. 76, 53 A.2d 362, 366, and Blum Bldg. Co. v. Ingersoll, 1936, 99 N.J.Eq. 563, 134 A. 176, 178, affirmed per curiam on the reasoning of the lower court opinion, 1927, 101 N.J.Eq. 291, 137 A. 916. See, also, Barton v. Silver, 1930, 107 N.J.Eq. 314, 152 A. 382; Hurbanis v. Schultz, 1940, 128 N.J.Eq. 215, 15 A.2d 886; and Knight v. Electric Household Utilities Corp., 1943, 133 N.J.Eq. 87, 30 A.2d 585, affirmed per curiam 1944, 134 N.J.Eq. 542, 36 A.2d 201.

■ Under the federal rules, great leeway in the pleadings is assured to the plaintiff and he can include alternative legal remedies, even in one action. Cf. Fed.Rules Civ.Proc. rule 8(e) (2), 28 U.S.C.[20] Under these circumstances, he does not have to make any final decision as to the election of which remedy he will pursue until either at the pre-trial conference or at the trial.[21] Cf. Republic of China v. Pong-Tsu Mow, 1954, 15 N.J. 139, 104 A.2d 322, 325, and Ajamian v. Schlanger, 1954, 14 N.J. 483, 103 A.2d 9, 12.

Also, the defendant raises these inapplicable grounds for his motions:

■ 1. Defendant contends that the Walker Poroswall Pipe Company is an indispensable party to this suit. By the settlement agreement of July 11, 1955, power of attorney to enforce the Paxton-Desch agreement was granted by Paxton and the Walker Poroswall Company to Zimmerman and Amoresano in their name or in the name of Paxton (see page 5 of the Facts).[22] Therefore, all

19. In the Miller case, 73 A.2d on page 609, the court said:
    "Upon a vital breach of contract by one party, the opposite party may sue for damages resulting from the breach, or he may treat the contract as terminated, and maintain *assumpsit* for a return of the consideration paid on account."

20. Since under the federal rules, Rule 8 (e) (2), alternative counts, regardless of inconsistency, are proper, it seems reasonable to permit alternative actions, and not put the plaintiff to any final decision until either the pre-trial conference or the trial.

21. Plaintiff, in his brief, conceded that were he "to receive his rents he would be satisfied to await the expiration of the term for return of the machine." See plaintiff's brief, p. 4. This indicates that plaintiff will probably choose this course of action.

22. Though the captions of the complaints name Paxton as the sole plaintiff in both actions, the body of the complaints make clear that Paxton is appearing by his attorneys, Robert H. Jordan, Floyd V. Amoresano, and the Hon. Thomas L. Zimmerman. Further, on pages 5 and 6 of the deposition of Paxton taken on April 19, 1956, it was stipulated that the Thomas L. Zimmerman and the Floyd Amoresano who appeared as opposing counsel in the New Jersey court proceedings are the same men whose names now appear in the complaint of the plaintiff.

persons materially interested in the subject matter of these actions are parties to these suits.

■ 2. Defendant contends that the Paxton-Desch agreement breached the prior inconsistent agreements of Paxton with Oakley and McBride of March 12, 1953, and with the Walker Cement Products Company of August 5, 1954.[23] Since the settlement agreement[23] was executed before the repudiation of the Paxton-Desch contract by the letter of August 3, 1955, any such inconsistency had become moot.[24]

■ 3. Defendant's contention that the agreement is illegal and unenforceable since it is a violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1, and Section 3 of the Clayton Anti-Trust Act, 15 U.S.C.A. § 14, is not established by the record.[25] The defendant will have the opportunity to present any proof of this defense at the trial.[26]

For the reasons above-mentioned, the motions for dismissal of these actions will be denied, without prejudice to the defendant's right to make a motion to dismiss the replevin action at the pretrial conference or the trial.

### Counterclaim.

■ In a replevin action, a counterclaim cannot be asserted. See Rule 1082, subparagraph (a), of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, Rules of Civil Procedure.[27] Therefore, defendant's counterclaim to Civil Action No. 19953 will be stricken.

### Order in Civil Action No. 19952.

And Now, November 1, 1956, It Is Ordered that defendant's motion to dismiss and for judgment on the pleadings, filed June 1, 1956, is Denied.

### Order in Civil Action No. 19953.

And Now, November 1, 1956, It Is Ordered that defendant's motion to dismiss

---

23. The Walker Poroswall Company (the descendant of the Walker Cement Products Company), by its agents, had agreed on July 11, 1955, to carry out the terms and conditions of the Paxton-Desch agreement.

24. Also, the limitations imposed upon Paxton by the agreement of 3/12/53 as to where and to whom he might sell pipe manufactured on the pipe machinery were similarly imposed upon Desch in the Paxton-Desch agreement. Therefore, the Walker Cement Products Company, formed by Oakley and McBride, could claim no violation of the agreement of 3/12/53 by Paxton for these reasons.

The agreement of 8/5/54 modifying the 3/12/53 agreement prevented the Walker Cement Products Company from maintaining a plant for the manufacture of porous concrete cement in the State of Pennsylvania or the selling, leasing, furnishing or installing of porous concrete pipe-making machinery to be used in such state for a period of five years. The Paxton-Desch agreement gave Desch exclusive right to sell pipe manufactured on the pipe machine for the period of the ten-year lease. The discrepancy between the number of years of exclusive right to sell pipes that Desch

had actually acquired by the Paxton-Desch agreement, and the number of years of such exclusive right that Paxton stated he was giving, was cured by the settlement agreement of July 1955.

25. Since the record shows that "patents, * * * trade marks, rights," and "secret formula or process" (see footnote 3, p. 2 above, and pp. 38–40 of deposition) are the subject of the agreement, the restrictions involved in this agreement may well prove to be valid under these sections of the anti-trust laws. Cf. Williston on Contracts (Rev. Ed.) § 1646; Lawlor v. National Screen Service Corp., 3 Cir., 238 F.2d 59. There is no proof in the record of the allegation in defendant's brief that certain patents have expired.

26. For the strict construction of the summary judgment rule (which is applicable to these motions to dismiss—see F.R. Civ.P. 12(c)) in this Circuit, see Levy v. Equitable Life Assurance Society, D.C.E.D.Pa.1955, 18 F.R.D. 164, and cases there cited.

27. It is noted that both parties agree that Pennsylvania law governs the disposition of this motion. See F.R.Civ.P. 64.

and for judgment on the pleadings is Denied and that plaintiff's petition to strike defendant's counterclaim, filed March 14, 1956,[28] is Granted.

---

28. This petition was incorrectly filed in Civil Action No. 19952 due to typographi-cal error, but was transferred to Civil Action No. 19953 on June 20, 1956.