No. 44,502

THE MORRIS PLAN LEASING COMPANY, a Corporation, *Appellant,* v. MERTON KARNS, d/b/a KARNS GRAIN PRODUCTS COMPANY, *Appellee.*

(415 P. 2d 291)

Opinion filed June 11, 1966.

*John B. Markham,* of Parsons, argued the cause, and was on the brief for the appellant.

*Glenn Jones,* of Parsons, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This was an action commenced by the appellant, The Morris Plan Leasing Company, against the appellee, Merton Karns, d/b/a Karns Grain Products Company, to recover, under the terms of a written lease between the parties, unpaid rental for a mobile feed-blender unit. For clarity, the parties will be referred to as plaintiff, or lessor, and defendant, or lessee. Trial was had without a jury. From a judgment in favor of the defendant the plaintiff has appealed.

The over-all question for our determination is whether or not under the terms of the lease the lessor could maintain this action for unpaid rental due it for the period of time the lessee had the unit in his possession after default and prior to its being repossessed by the lessor.

The facts are not in dispute. On September 28, 1960, plaintiff and defendant entered into a written lease providing for monthly payments whereby plaintiff leased to the defendant for a four-year term the above-mentioned feed blender. The last two monthly payments totaling $750 were paid in advance. The defendant made the agreed monthly payments until February 1961; however, he kept possession and used the unit until it was repossessed by the plaintiff on October 3, 1961. After defendant's default, but prior to repossession, an attorney in lessor's legal department in Iowa wrote three letters to the defendant and his Kansas attorney. Portions of these letters are as follows:

(1) Letter to defendant, dated August 8, 1961:

"Notice is hereby given that . . . (appellant) hereby elects under item 13 'default' of the lease agreement dated September 28, 1960, entered into by (appellee and appellant) to repossess the unit (describing it).

"Under the terms of the default paragraph, Lessor's action in repossession of the unit does not terminate the lease, and in accordance therewith and by this notice Lessor hereby gives notice that lessee shall be held for any deficiency existing under the terms of the lease agreement."

(2) Letter to defendant's attorney, Mr. Glenn Jones, dated August 8, 1961:

". . . I direct your attention specifically to the default terms of the lease on page 3, paragraph 13, and to the execution and notarization of the Lease Agreement.

"Insofar as Mr. Karns does not appear to desire to handle this on a business-like basis, we have no alternative except to repossess the unit and dispose of it in some manner with resulting deficiency liability to Mr. Karns."

(3) Letter to defendant's attorney, dated August 30, 1961:

"We are expecting to sell the repossessed unit as soon as possible and if a deficiency remains, we will expect Mr. Karns to pay said deficiency. . . ."

The pertinent portions of paragraph 13, which are determinative of lessor's right to maintain this action, are:

"In the event of Lessee's default hereunder, Lessee agrees upon demand from Lessor to immediately return said *unit* to such place as Lessor may specify. If Lessee should fail to pay any rental as herein provided, or any other amounts payable herein, when the same is due and payable, . . . Lessor, at its option, and in addition to and without prejudice to any other remedies, may take possession of and remove *the unit* and all equipment, . . . Any such repossession, however, shall not constitute a termination of this lease unless Lessor so notifies Lessee in writing. Lessor, at its option, may (i) lease the repossessed *unit,* or any part thereof, to any third party upon such terms and conditions as Lessor may determine, or (ii) sell the *unit* or any part thereof to the highest bidder at public auction. The total proceeds, less Lessor's expenses

incurred in connection therewith, including attorney's fees, of such sale or sales, less the estimated value of the *unit* at the end of the term provided for herein (as determined by the appraiser selected by Lessor), or of such leasing, applicable only to the balance of the term provided for herein, shall be applied to the total unpaid rental provided for herein. Lessee shall pay Lessor any deficiency."

At the trial, Mr. Scherrman, vice president of the plaintiff company, testified that after repossession by the plaintiff, the unit was relet for five or six months and then sold; that about $2,000 was received from the reletting; and that plaintiff was not seeking to recover for any deficiency or the rental due for the balance of the lease term but only for that period of time that the defendant actually had the unit in his possession. At the conclusion of plaintiff's evidence defendant moved for a directed verdict, the trial court reserved its ruling thereon, and defendant offered no evidence. Thereafter, the court made the following findings and entry of judgment:

". . . that defendant breached said contract by failure to pay rentals; that plaintiff elected, and did, in accordance with paragraph 13 of the lease contract entitled 'Default' repossess the B & L feed blender herein involved and relet the same and gave defendant and his attorney notice of its intention to do so; that said plaintiff herein now seeks to proceed on a different remedy for recovery; that plaintiff may elect one but not both, and may not proceed on both remedies, as they warrant different recoveries. Therefore, the Court finds generally in favor of defendant and against plaintiff, and defendant's motion is sustained and judgment is entered in favor of defendant and against the plaintiff, and plaintiff to pay the costs."

Plaintiff filed a motion for new trial, which was overruled by the trial court for the same reasons given at the time judgment was rendered.

Plaintiff first contends that the trial court erred in holding that the lessor had already elected to proceed on one remedy against the lessee and, therefore, could not maintain this action. Although the record is not clear, it appears the trial court took the view that plaintiff's repossession of the unit, together with notice of its intention to do so, constituted an election of remedies which now precludes recovery in the instant action.

It is well established in this state that in an action arising out of a contract, the choice between two inconsistent remedies is determined by the commencement of the action, and the filing of a petition in such action gives finality to the election. (*Christy v. Gaylord*, 158 Kan. 753, 150 P. 2d 164; *Davidson v. McKown*, 157 Kan. 217, 139 P. 2d 421, 6 A. L. R. 2d 1; 28 C. J. S., Election of Remedies

§ 15.) Moreover, an election occurs once an action has been commenced, even though it is later dismissed without prejudice and not prosecuted to a finality. (*Taylor v. Robertson Petroleum Co.,* 156 Kan. 822, 137 P. 2d 150.) As a general rule, acts prior to the actual commencement of legal proceedings indicating an intention to rely upon one remedy do not constitute an election which will preclude the subsequent prosecution of an action based upon an inconsistent remedy. (25 Am. Jur. 2d, Election of Remedies § 15.) Disregarding the merits of any contention that the remedies are inconsistent, we think the trial court erred in concluding an election had been made.

We now proceed to the alleged erroneous ruling of the trial court that plaintiff could not recover rent from the defendant under the terms of the written lease for the period of time during which the defendant had the unit in his possession. Defendant seeks to sustain the trial court's ruling by asserting that plaintiff is precluded from maintaining this action because its rights were fixed by the specific provisions of paragraph 13 of the lease, that is, that upon default in rental payments defendant was liable only for a deficiency, if one in fact existed, after being given credit for any monies realized by plaintiff from the reletting and sale of the unit, and, therefore, plaintiff's sole remedy was to sue for any deficiency. Plaintiff, on the other hand, contends the lease gave it the right not only to repossess the unit but also to collect rental according to the terms thereof for the time that defendant had the unit in his possession; that the option given the lessor upon repossession to relet or sell the unit applied only if recovery for the balance of the lease term was sought. We believe plaintiff's interpretation of the lease, and specifically paragraph 13 thereof, to be sound and controls the disposition of the case.

In support of his position defendant cites *Wilson v. National Refining Co.,* 126 Kan. 139, 266 Pac. 941, and *Lips v. Opp,* 150 Kan. 745, 96 P. 2d 865. In *Wilson,* an action was brought by the lessor against the lessee to recover rent for the last two years of a five-year lease. The action was commenced five months prior to expiration of the term. This court held the action was not prematurely brought and that the lessor could recover for the remainder of the term less the amount for which the lessor was reasonably able to relet the premises to a third party. The rule requiring an injured party to mitigate damages was adhered to in *Lips.* We have considerable difficulty in analogizing the facts of the above cases with those of

the case at bar. Here, no attempt is being made to hold the lessee liable for the remaining term of the lease; and further, we must confine our attention to the specific provisions of the lease in question. In fact, plaintiff candidly concedes that had the defendant paid all rent due up to the time of repossession, then plaintiff would be obligated to follow the rule of mitigation of damages by reletting for the balance of the term, or selling the property and applying the proceeds to the balance due, under paragraph 13 of the lease.

Defendant seeks to bolster his position by citing cases which hold that an agreement of the parties which defines their rights and obligations in respect to a matter must be given effect (*Bank v. McIntosh*, 72 Kan. 603, 84 Pac. 535), and that where language is clear and unequivocal, words cannot be read into a contract importing an intent wholly unexpressed at execution of the contract (*Anderson v. Rexroad*, 175 Kan. 676, 266 P. 2d 320). These rules of construction are well founded, but as applied to the provisions of the instant lease, they do not enhance defendant's position.

The significance of a clause permitting recovery under two otherwise inconsistent remedies can hardly be minimized. Under general principles of contract law, affirmance and rescission are inconsistent remedies, and after electing to disaffirm, a party cannot later seek to affirm. As applied to leases of personal property, a lessor, upon breach of the lease by the lessee, must elect his remedy, and he cannot choose to rescind the contract and recover the leased property while at the same time affirm the contract by suing to recover the total rental due, *in the absence of a specific provision permitting him to do so*. (*Paxton v. Desch Building Block Co.*, 146 F. Supp. 32; *Ketcham, Appellant, v. Davis*, 31 Pa. Super. 583; *Automobile etc. Co. v. Sallady*, 55 Cal. App. 219, 203 Pac. 163; 8 C. J. S., Bailments § 44 b.)

In *Williams Factors, Inc. v. Phillips*, 164 Kan. 466, 190 P. 2d 189, an action was instituted to recover possession of leased personal property, together with a balance alleged to be due under the written lease. The lease contained a clause that in event of default by the lessee, the entire balance of the rental became due, unless the lessor otherwise elected, and "in addition to any other rights or remedies that the Lessor may have, the Lessor may immediately repossess the said chattel and lease or otherwise dispose of the same in such manner as the Lessor may see fit, crediting against the Lessee's obligations hereunder the net rental . . . that the

Lessor may receive therefor." Although the point on appeal concerned whether or not the action was prematurely commenced, this court, by holding the action was not premature, in effect sustained the bringing of the action under the foregoing lease provision. We note that the clause, although not identical, bears striking similarity to certain provisions of paragraph 13 of the lease in the instant case.

The fallacy of defendant's argument that plaintiff's sole remedy upon repossession was to sue for a deficiency lies in his overlooking the importance of the clause "Lessor, at its option, and in addition to and without prejudice to any other remedies, may take possession of and remove the unit." Under the plain wording of the lease, plaintiff, in addition to its right to repossess, had a right to pursue any other available remedy to collect rental due under the contract terms for the time that defendant had the unit in his possession.

Although the question of divisibility of the lease agreement is neither briefed nor argued, plaintiff's right to recover for only a portion of the term bears some analogy to that of a landlord's rights against his tenant upon the surrender of a lease prior to the expiration of its term. Ordinarily, the surrender, if accepted, terminates the relationship of landlord and tenant and operates to release the tenant from liability for rent subsequently to accrue; however, his liability for rent already accrued to the time of the surrender remains unaffected. (*Christenson v. Ohrman,* 159 Kan. 565, 156 P. 2d 848; 32 Am. Jur., Landlord and Tenant § 914; 52 C. J. S., Landlord and Tenant § 494.) In *Christenson,* this court cited the following syllabus from *Casper Nat'l Bank v. Curry,* 51 Wyo. 284, 65 P. 2d 1116, 110 A. L. R. 360:

"'Surrender of lease terminates relation of landlord and tenant between the parties, but does not terminate the relation of debtor and creditor on account of liabilities already incurred at the time agreed surrender of lease is carried into effect by delivery of possession of premises.'" (p. 569.)

There would seem to be no good reason why the same principle of law should not be applicable to leases involving personalty.

Under the specific terms of the lease defendant promised to pay rent in fixed, monthly payments. Paragraph 13 of the lease, entitled "Default," became operative when default by the lessee, in fact, occurred. The trial court found that defendant breached the lease by failure to pay rentals. No complaint is made of this finding. By the terms of paragraph 13 defendant was given the right to repossess the unit *at its option, and in addition to and without prejudice to any other remedies.* The remaining provisions of paragraph

13 relating to the continuation of the term and the reletting or sale of the unit pertained only to lessor's rights against the lessee for the balance of the term after repossession. Such provisions in no way abrogated the lessor's right to recover, according to the contract terms, for rental payments up to the time of repossession.

Under paragraph 13, plaintiff's repossession of the unit in question did not preclude it from bringing this action. The trial court's judgment is reversed with directions to compute the amount due the plaintiff under the terms of the contract for the time the defendant had possession of the unit and enter judgment accordingly.